## TRAVIS v. POLICE JURY OF CADDO PARISH.

### No. 4693.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

·George T. McSween, of Shreveport, for appellant.

Cook & Cook and C. D. Egan, all of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff, while employed by the police jury of Caddo parish, suffered physical injuries from an accident. He sues the police jury for workmen's compensation, at $6.24 per week for 400 weeks. His duties required him to be on and about one of defendant's trucks used in road work, which was equipped with dredging apparatus; and while at work near one of the truck's rear wheels another truck of defendant, on an embankment near the dredging truck, backed down the incline towards plaintiff sufficiently to jam his head against some part of the other vehicle. He specifically alleges that as a result of this accident his right eye was dislocated; his upper and lower jaws, the nose, and the base of his skull were all fractured; that resulting therefrom his face is paralyzed, his nose permanently disfigured and the physical function of some of these parts of his body is lost; that he suffers pain in his head, has serious headaches at all times, and that his teeth and · jaws are in such bad condition as to prevent the chewing of solid food; that he constantly suffers from dizziness and fainting spells, has double vision, loss of memory, and can-

not close, or in any way control, his right eye. He avers total disability to perform ordinary labor; and admits that defendant has paid him compensation for six weeks.

· Defendant admits that plaintiff suffered an accident in the manner and by the means alleged by him, but contends that he has wholly recovered from the effects thereof; and avers that no disfigurement of his face has resulted; that in addition to payment of compensation to the amount of $37.44, it has paid for his account doctors' and hospital bills amounting to $45.85.

Plaintiff's suit was rejected by the lower court, and he appeals.

█ Immediately after plaintiff was injured, he was sent by defendant to the Tri-State Sanitarium in the city of Shreveport, for treatment and attention. There he was examined by several specialists, treated by competent physicians, and many X-rays made of his head and face. The evidence is conclusive that neither of his jaws was fractured, nor did his nose and skull suffer such injury. His eyes were found to be unimpaired, and his teeth in good condition, save for pyorrhea. He received several minor facial injuries, but these healed. He remained in the sanitarium 12 days—to June 19th, thereafter returning every day, to June 29th, for treatment, and thereafter, to July 9th, returning every other day. He was instructed to continue his trips back for additional treatment, but did not do so. He was again examined the latter part of July, or in August, and found by the examining physicians to be in good condition and able to do manual labor. We are convinced that before this suit was filed plaintiff had recovered from the wounds and other ill effects of his injury and was able to perform the work he was competent to perform.

█ At the time of trial, plaintiff was afflicted with a slight paralysis of the right side of his face, and when he laughed the skin would reveal a drawing towards that side. An effort was made to establish that this condition was superinduced by the effects of the accident he experienced. There is an abundance of testimony on this point. Many witnesses say it developed after the injury, while an equal number, possibly more, say his face was thus affected when injured, and for many years prior thereto. We think the decided preponderance of the testimony supports defendant's contention that the accident had nothing to do with this facial trouble.

The lower court was very generous in affording both sides ample opportunity to adduce testimony on this phase of plaintiff's complaint, after stating that this was the only uncertain issue in the case; and after hear-

ing and considering this testimony, and observing plaintiff while in court, decided against him. We agree with his judgment and it is accordingly affirmed.

MILLS, J., recused.